UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOU LOIBEN'S PERSONALITIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 CV 1511 |
| vs. | ) | |
| | ) | Honorable Jorge L. Alonso |
| | ) | |
| AKIB KHANANI (a/k/a "DJ Akib", a/k/a "DJ Akib Entertainment") | ) | Magistrate Mary M. Rowland |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Lou Loiben's Personalities, Inc. ("Personalities") submits its Motion For Preliminary Injunction against Defendant Akib Khanani. In support of its motion, Personalities submits the attendant Memorandum in Support of Plaintiff's Motion for Preliminary Injunction and states as follows:

1. Defendant was an employee of Personalities until February 4, 2015, when he abruptly resigned and started a competing business to handle corporate fashion shows. When Defendant left Personalities' employ, he misappropriated Personalities' client profiles to directly compete against Personalities in the fashion industry. In addition, Defendant used copyrighted photographs from events he worked while employed by Personalities to promote his new business on his new website and on his social media accounts (including Facebook and Instagram) and suggested continuing affiliation with or endorsement by Personalities.

2. Defendant already has been in contact with a number of Personalities' key, long-term clients for the upcoming Spring 2015 fashion shows and has discussed with them hiring Defendant directly rather than using Personalities. Unless this Court grants a preliminary

injunction, Personalities faces devastating consequences and irreversible reputational harm in the fashion industry.

3. Preliminary injunctive relief is appropriate where, as here, Personalities can show: (1) a threat of irreparable harm; (2) an inadequate remedy at law; (3) a likelihood of success on the merits; (4) that the balance of the hardships favors immediate injunctive relief; and (5) that the public interest favors an injunction. *See, e.g.*, *Promatek Indus., LTD v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002). Personalities easily satisfies this test and only seeks narrowly-tailored relief to prevent Defendant's illegal actions from destroying Personalities' valuable intellectual property while the parties litigate this matter.

4. If Defendant was permitted to continue misappropriating its trade secrets, Defendant's illegal acts would cause Personalities to suffer the following irreparable harm for which it has no adequate remedy at law: (1) Personalities will lose its competitive advantage in the fashion industry; (2) Personalities will lose its long-term clients; (3) Personalities will suffer damage to its reputation and goodwill in the marketplace; (4) Personalities will face financial ruin; and (5) Personalities will lose future revenue, which cannot be precisely calculated. *See, e.g.*, *Hess Newmark Owens Wolf, Inc. v. Owens*, 415 F.3d 630, 633 (7th Cir. 2005) (citing *Gold v. Ziff Commc'ns Co.*, 196 Ill. App. 3d 425, 434 (1st Dist.1989)) (holding that Illinois law treats ongoing competition itself as a sufficient basis for irreparable harm).

5. Personalities is likely to succeed on its claims based upon: (i) the Defendant's infringement of Personalities' copyrighted photos to promote his business; (ii) Defendant's violation of the Lanham Act and various state statutes for misrepresenting his association with or endorsement by Personalities; and (iii) the Defendant's misappropriation of Personalities' trade secrets to promote his competing business.

6. Personalities has a valid copyright in the photos and Defendant did not have a license to use or otherwise distribute them. *See, e.g.*, *Int'l Code Council v. Nat'l Fire Prot. Ass'n*, No. 02 C 5610, 2006 U.S. Dist. LEXIS 13783, at *48 (N.D. Ill. Mar. 27, 2006). By posting Personalities' copyrighted photos on his website and other social media accounts, Defendant: reproduced the copyrighted images in violation of 17 U.S.C. § 106(1); redistributed or otherwise transferred copies of the images in violation of 17 U.S.C. § 106(3); and displayed the images in violation of 17 U.S.C. § 106(5).

7. Personalities is likely to succeed on its Lanham Act and state statutory claims (*i.e.*, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and violation of the Illinois Uniform Deceptive Trade Practices Act) because Defendant touts to clients and the public at large that he remains associated with Personalities and/or that Personalities endorses him. Using the "#personalities" and "#personalitiesinc" hashtags improperly indicates an association with Personalities in violation of the Lanham Act. *See, e.g.*, *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971-72 (7th Cir. 1999); *see also* 15 U.S.C. § 1125(a)(1)(A) (2006).

8. Personalities is likely to succeed on its trade secret claim because: (1) Defendant used a trade secret of Personalities without consent and to support his competing business; and (2) Defendant acquired the knowledge of the trade secret through his employment at Personalities and had a duty to maintain its secrecy. 765 Ill. Comp. Stat. 1065/2(b); *see also Stampede Tool Warehouse v. May*, 272 Ill. App. 3d 580, 588 (1995) (Ill. App. Ct. 1st Dist. 1995). The information Defendant misappropriated (*i.e.*, client profiles) was clearly a trade secret under Illinois law because: (i) the information is not generally available outside of the business; (ii) the information is restricted to a need-to-know basis within Personalities; (iii)

Personalities took steps to protect its disclosure to outsiders; (iv) Personalities spent considerable time, money and effort to develop the information; and (v) it would take a significant effort for others to develop the information. *Stampede Tool Warehouse*, 272 Ill. App. 3d at 588; *see also The Agency, Inc. v. Grove*, 362 Ill. App. 3d 206, 217-19 (2005). Personalities' confidential client profiles represent thirty years of information that it spent considerable time, effort and expense compiling. Personalities maintained these profiles confidential on a password-protected computer and only gave Defendant access to such information on a need-to-know basis after apprising him of its confidential nature and the need to maintain its confidentiality. The profiles are therefore trade secrets under 765 Ill. Comp. Stat. 1065/2(b).

9. The balance of harms solidly favors injunctive relief. The harm to Personalities is the potential loss of the lifeblood of its organization because of the unlawful dissemination of critical trade secrets and intellectual property. The potential harm to Defendant is minimal – simply ceasing his unlawful exploitation of Personalities' trade secrets and intellectual property.

10. The public interest favors issuing an injunction because of the clear public interests identified in the Copyright Act and traceable in the other claims Personalities asserts. The public maintains a significant interest in the entry of an injunction here because copyright laws reinforce creative endeavors that benefit the public. *See, e.g.*, *In re Aimster Copyright Litig.*, 252 F. Supp. 2d at 648 (citing *ISC-Bunker Ramo Corp. v. Altech, Inc.*, 765 F. Supp. 1310, 1333 (N.D. Ill. 1990)). In addition, public interests are undermined if unethical business conduct – such as the pilfering of confidential business information – goes unchecked. *See IDS Life Ins. Co. v. Sunamerica, Inc.*, 958 F. Supp. 1258, 1281 (N.D. Ill. 1997).

11. Plaintiff incorporates by reference its memorandum of law filed with this motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

a. Preliminarily enjoining Defendant, his agents, representatives, heirs, assigns, affiliates, and all persons active in concert or participation with him from:

   (1) Infringing Personalities' copyrighted works;

   (2) Using or otherwise exploiting Personalities' trade secrets;

   (3) Encouraging or facilitating others to infringe Personalities' copyrighted works;

   (4) Encouraging or facilitating others to use or otherwise exploit Personalities' trade secrets;

   (5) Making any representation or implication of affiliation, connection, or association with or sponsorship or approval by Personalities; and

   (6) Soliciting or contracting with any of the following Personalities' customers: Zzazz Productions (*i.e.*, Tracy Tarrantino) Merchandise Mart Properties, Inc. (*i.e.*, Susan Glick and her associates); Harper College (*i.e.*, Thomas Tucker and his associates); and Live Event Productions (*i.e.*, Ava Anthony).

b. Requiring Defendant to provide Personalities with an accounting of any and all revenues received from any of Personalities' customers identified in a.(6) above;

c. Awarding such other and further relief as this Court deems just and proper.

Dated: February 26, 2015                    Respectfully Submitted,
                                            Lou Loiben's Personalities, Inc.

                                            By:  /s/ Stephen J. Rosenfeld
                                                One of its attorneys

Stephen J. Rosenfeld (ARDC #6183729)
Rebecca A. Edwards (ARDC #6284786)
MANDELL MENKES LLC
1 N. Franklin Street, Ste. 3600
Chicago, IL  60606
Tel:  (312) 251-1000
E-mail:  srosenfeld@mandellmenkes.com
E-mail:  redwards@mandellmenkes.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a true and correct copy of the foregoing Plaintiff's Motion for Preliminary Injunction upon Akib Khanani via e-mail (djakib@sbcglobal.net) before 9:30 p.m. (CST) on February 26, 2015.

By: /s/ Stephen J. Rosenfeld